IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF LUCAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>VERIZON COMMUNICATIONS INC and VERIZON MEDIA, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 1:20-cv-05542<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO:　THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. Sections 1332, 1441, and 1446, Defendant Verizon Communications Inc., d/b/a Verizon Media, Inc., ("Verizon Media" or the "Company"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this matter to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York.  Further, Defendant will be filing shortly a Motion to Transfer Venue to the United States District Court for the District of New Jersey in accordance with the parties' agreement that a New Jersey court is the proper forum for this action. The grounds for removal are as follows:

### I.　CITIZENSHIP OF THE PARTIES

1.　In accordance with Local Civil Rule 81.1, Defendant provides the following information: (1) the residence and domicile, and any other state or other jurisdiction in which Plaintiff is a citizen for purposes of 28 U.S.C. § 1332; and (2) the state of incorporation, principal place of business, and any other state in which Verizon Media is a citizen for purposes of 28 U.S.C. § 1332.

1

(a)     Plaintiff Jeff Lucas ("Plaintiff") alleges that he is a resident of New York County.

(b)     Plaintiff identified the incorrect legal entity in his New York state court Complaint.  Lucas was employed by Verizon Communications Inc., d/b/a Verizon Media, Inc. Verizon Communications d/b/a Verizon Media is a Delaware Corporation with its executive leadership and corporate functions located in Basking Ridge, New Jersey.  *See* Declaration of Ron Johnstone ¶ 6, attached hereto as Ex. 1.

## II.     PROCEDURAL HISTORY

2.      On June 22, 2020, Plaintiff commenced a civil action by filing a summons and complaint in the Supreme Court of the State of New York, County of New York (the "New York Supreme Court"), captioned as *Jeff Lucas v. Verizon Communications, Inc. and Verizon Media, Inc.*, Index No. 652529/20 (the "Complaint").  The Complaint asserts claims Declaratory Judgment, Injunctive relief, Tortious Interference with Business Relations, Fraudulent Inducement to Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing. ("Compl.") ¶¶ 72-97.  A copy of all process, pleadings, and ordered served upon Verizon Media are attached hereto as Exhibit 2.

3.      Plaintiff served the Summons and Complaint to Verizon Media's counsel via email on June 26, 2020.

4.      On June 26, 2020, Plaintiff filed for an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction.  Verizon Media responded the next day.  A copy of all process, pleadings, and ordered served upon Verizon Media are attached hereto as Exhibit 3.

5.      On June 29, 2020, Lucas's Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction was denied.  *See* Exhibit 2 at 29.

6. On July 17, 2020, Lucas filed an Amended Complaint asserting causes of action for Tortious Interference with Business Relations, Fraudulent Inducement to Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing.  *See* Exhibit 2 at 33-58.

7. A copy of a print-out of the electronic docket as of July 17, 2020, is attached hereto as Exhibit 3.

### III.     GROUNDS FOR REMOVAL

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

**A.     The Prerequisites For Diversity Jurisdiction Are Met.**

(a)     **Both Parties Are Citizens Of Different States.**

10. Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332.

11. Plaintiff is a citizen of the New York.

12. For purposes of establishing diversity jurisdiction under 28 U.S.C. § 1441, a corporation is deemed a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant is a corporation organized under the laws of the State of Delaware and

3

maintains its principal place of business in the State of New Jersey. *See* Johnstone Decl., ¶ 6. Accordingly, Defendant is a citizen of New Jersey for purposes of diversity jurisdiction.

13. Section 1441(b)(2) is inapplicable here because Verizon Media is not a citizen of New York. *See* 28 U.S.C.A. § 1441 ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants ***is a citizen of the State in which such action is brought***") (emphasis added).

(b) **The Amount In Controversy Exceeds $75,000.**

14. Plaintiff specified the exact amount of damages he seeks, which exceeds $75,000.

15. Plaintiff claims that as a result of his Tortious Interference with Business Relations claim, he is "entitled to monetary compensation in an amount … not less than $12,000,000." *See* Amended Compl. ¶ 86.

16. Plaintiff claims that as a result of his Fraudulent Inducement to Contract claim, he "has been harmed in an amount to be determined at trial, but in no event less than seven hundred fifty thousand dollars ($750,000)." *See* Amended Compl. ¶ 93.

17. Plaintiff claims that as a result of his Breach of Implied Covenant of Good Faith and Fair Dealing claim, he "has been damaged in an amount to be determined at trial, but in no event less than seven hundred fifty thousand dollars ($750,000) for each of the two years he worked for Defendants, totaling one million, five hundred thousand dollars ($1,500,000), in addition to punitive damages." *See* Amended Compl. ¶ 99.

18. Thus, although Defendant expressly denies Plaintiff's allegations in the Complaint, and expressly denies that Plaintiff is entitled to any of the relief he seeks, for

purposes of diversity jurisdiction, the amount in controversy between Plaintiff and Defendant exceeds the $75,000 threshold under 28 U.S.C. § 1332.

19. Based on the foregoing, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met and this action is, therefore, properly removed to the United States District Court for the Southern District of New York.

### B. Venue Is Proper In The Southern District of New York.

20. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of New York, where Plaintiff originally filed this action, and Verizon Media is subject to personal jurisdiction in this judicial district.  Nevertheless, the parties previously agreed that a New Jersey court would govern the instant dispute.  Accordingly, Defendant will be filing shortly a Motion to Transfer Venue to the United States District Court for the District of New Jersey.

### C. Verizon Media Has Timely Filed Its Notice of Removal.

21. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty (30) days have not expired since Verizon Media's counsel accepted service of the Summons and Complaint.

### D. The Notice Of Removal Complies With 28 U.S.C. §§ 1445 And 1446.

22. This action is not an action described in 28 U.S.C. § 1445.

23. Consistent with 28 U.S.C. § 1446(d), Exhibit 2 constitutes all process, pleadings, and orders that have been filed in the state court action.

24. Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff's counsel.

25. By filing a Notice of Removal, Verizon Media does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Verizon Media hereby removes this case from the Supreme Court of the State of New York, County of New York, and respectfully requests that this Court assume complete jurisdiction over the case for all future proceedings.

Dated: July 17, 2020

Respectfully submitted,

/s/ *John P. Guyette*

John P. Guyette
101 Park Avenue
New York, New York 10178
Telephone: 212-309-6107
Email: john.guyette@morganlewis.com

Larry L. Turner (*Admitted Pro Hac Vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:   +1.215.963.5000
larry.turner@morganlewis.com
Attorneys for Defendant Verizon Media

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, the foregoing Notice of Removal, including the attached exhibits, was served via email on:

Damian R. Cavaleri
Hoguet Newman Regal & Kenney, LLP
One Grand Central Plaza
60 East 42nd Street, 48th Floor
New York, New York 10165
dcavaleri@hnrklaw.com

/s/  John P. Guyette
John P. Guyette